UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD JOSEPH SCHREIBER,
R.E.,
V.E.,
I.S., and
I.E.,

        Plaintiffs,

        v.                              Case No. 22-C-1047

BROWN COUNTY DEPARTMENT
OF SOCIAL SERVICES,
SANDRA WAGNER,
NATHAN BLUM, and
JOHN DOES,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Richard Joseph Schreiber, who is currently incarcerated at the Brown County Jail and appearing *pro se*, filed a complaint under 42 U.S.C. § 1983 on behalf of himself and his children against Defendants Brown County Department of Social Services, Sandra Wagner, Nathan Blum, and John Does. This matter comes before the Court on Schreiber's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Schreiber has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Schreiber has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of

his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $16.30. Schreiber's motion for leave to proceed without prepaying the filing fee will be granted.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted). "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Schreiber alleges that, even though he alerted Defendants of his children's neglect and abuse in foster care, Defendants failed to take action to stop the abuse. He seeks $15,000,000 to redress his children's injuries. Schreiber cannot act as his children's representative in court without counsel. A minor child cannot be represented by a non-attorney, even if the non-attorney is a parent or guardian. *See Tuttle v. Ill. Dep't of Children & Family Servs.*, 7 F.3d 238 (7th Cir. 1993) ("Although a parent has a right to litigate claims on his own behalf without an attorney, he cannot litigate the claims of his children unless he obtains counsel."). Because Schreiber only bases his claims on asserted violations of his children's rights and is not represented by counsel, the complaint must be dismissed.

**IT IS THEREFORE ORDERED** that Schreiber's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from Schreiber's institution trust account the $333.70 balance of the filing fee by collecting

monthly payments from Schreiber's prison trust account in an amount equal to 20% of the preceding month's income credited to Schreiber's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Schreiber is transferred to another institution, the transferring institution shall forward a copy of this order along with Schreiber's remaining balance to the receiving institution

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this 17th day of October, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.