UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RICHARD JOSEPH SCHREIBER, et al.,

    Plaintiffs,

    v.                      Case No. 22-C-1047

BROWN COUNTY DEPARTMENT
OF SOCIAL SERVICES, et al.,

    Defendants.

## ORDER

Plaintiff Richard Schreiber, who is currently incarcerated at the Brown County Jail and representing himself, filed a complaint under 42 U.S.C. § 1983, on behalf of himself and his children, against Defendants Brown County Department of Social Services, Sandra Wagner, Nathan Blum, and John Does. The court dismissed the action on October 17, 2022. This matter comes before the court on Schreiber's motion for recusal, for reconsideration, and to extend the time to file an appeal.

Schreiber asserts that I should recuse myself from making further rulings in this case because I presided over an unrelated criminal case against him several years ago. *See United States v. Peters et al.*, Case No. 09-CR-213 (E.D. Wis.). 28 U.S.C. § 455 provides that a judge should be disqualified if "he has a personal bias or prejudice concerning a party . . . ." I have no bias or prejudice concerning Schreiber. Indeed, until Schreiber raised the issue, the court was unaware that Schreiber had been a party to a case before the court. Even now, the court has no recollection of the matter, a case some twelve years old. Schreiber's suggestion that the court is biased is merely the product of speculation and frustration with the court's rulings against him. It is well

established that, "unless there are exceptional circumstances, judicial rulings are grounds for appeal, not disqualification." *Hood v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996). Therefore, Schreiber's motion for recusal is denied.

Schreiber has also filed a motion for reconsideration. He seeks to remove his children as plaintiffs in this case and requests to proceed as the sole plaintiff. Even if Schreiber's children were not named as plaintiffs in this case, Schreiber's complaint does not state a claim upon which relief can be granted. The complaint only asserts violations of his children's rights, and as this court previously explained, Schreiber cannot litigate claims on behalf of his children without an attorney. *See Foster v. Bd. of Educ. of City of Chicago*, 611 F. App'x 874, 877 (7th Cir. 2015) (recognizing that "the rule prohibiting a nonlawyer from representing another person extends to a parent attempting to represent her minor child pro se" (citing *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013); *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010); *Malone v. Mielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Mosely v. Bd. of Educ. of Chi.*, 434 F.3d 527, 532 (7th Cir. 2006); *Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001))). In addition, the complaint does not assert a violation of Schreiber's rights. "To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citation omitted). The complaint does not contain allegations that the defendants deprived Schreiber of his civil rights under the Constitution or federal law.

To the extent Schreiber is challenging his children's custody determination, federal courts are courts of limited jurisdiction and are to abstain from hearing child custody cases because such cases are governed by state, not federal, law. *See In re Burrus*, 136 U.S. 586, 593–94 (1890); *see*

*also* Wis. Stat. § 48.13 (noting that the juvenile court "has exclusive original jurisdiction over a child alleged to be in need of protection or services which can be ordered by the court"). The Seventh Circuit has recognized that important state interests require federal courts to abstain "from resolving isolated legal issues that might matter" to pending state child-welfare or child-custody proceedings, even when constitutional claims are involved. *Milchtein v. Chisholm*, 880 F.3d 895, 898–99 (7th Cir. 2018) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). The principles of federalism and comity require this court to abstain in this case.

In his motion for reconsideration, Schreiber lists a variety of causes of action he wishes to proceed on, including discrimination, unfair treatment in public accommodations, right to access documents, defamation of character, equal protection under the law, freedom to petition and assemble, freedom of religion, and freedom of association. But Schreiber cannot amend his complaint through a motion for reconsideration. The purpose of a motion for reconsideration is to identify facts and law that the court overlooked in making its decision. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). Schreiber does not identify any manifest error of law or fact that convinces the court that it erred. Accordingly, his motion for reconsideration is denied.

Schreiber further requests that the court extend his time to appeal. Federal Rule of Appellate Procedure 4(a) provides that, in a civil case, the notice of appeal may be filed by any party within 30 days after the entry of judgment or order appealed from. Fed. R. App. P. 4(a)(1). The rule allows a party to move for an extension of time to file a notice of appeal if the party so moves within 30 days of the expiration of the time to file the notice and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5). Schreiber has not established good cause to grant the extension at this time. Therefore, Schreiber's motion to extend his time to appeal is denied. The

denial is without prejudice, however, and Schreiber may renew his motion upon an appropriate showing of good cause.

Finally, it is necessary to address Schreiber's motion practice generally. Schreiber has filed multiple joint motions across his cases. The court finds that Schreiber's motions violate the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(a) (case caption includes "the court's name, a title, [and] a file number," not multiple file numbers); *In re McDonald*, 489 U.S. 180, 184 (1989) ("Every paper filed with [a court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice."). If Schreiber wants to file motions in multiple cases, he must submit separate motions for each case and each motion must bear the caption for a single case. If Schreiber captions multiple cases in a single motion, the court will strike the motion and will not consider it.

**IT IS THEREFORE ORDERED** that Schreiber's motion for recusal, motion for reconsideration, and motion for an extension of time to file an appeal (Dkt. No. 11) are **DENIED**.

Dated at Green Bay, Wisconsin this 16th day of November, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
